UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL VANCASTER,

        Plaintiff,

                                    Case No. 23-cv-467-pp

    v.

PAUL M. FERGUSON
and ERIC BEINE,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

The plaintiff, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under the Freedom of Information Act and Privacy Act seeking evidence from the defendants. Dkt. No. 1. This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens the complaint, dkt. no. 1, and dismisses the case for failure to state a claim.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 19, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.68. Dkt. No. 5. The court received that fee on June 16, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(A). The court must dismiss a complaint if the incarcerated plaintiff raises that's that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

 In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff filed this suit against Attorney Paul M. Ferguson and Detective Eric Beine of the Wisconsin Attorney General's office. Dkt. No. 1. The plaintiff says that he is suing under the "Federal Freedom of Information Act/Privacy Act" requesting "One Free, Unedited, Original, Complete Copy of the Discovery Dvd's." Id. at 2. The plaintiff says that he sent a "Freedom of Information Act/Privacy Act" to Ferguson in "roughly" October 2022, requesting evidence from his case. Id. at 1. The plaintiff says that Ferguson responded to his request but failed to provide him the requested evidence. Id. at 1. The plaintiff alleges that he sent a "Freedom of Information Act/Privacy Act" to Beine in "roughly October 2022," and that Beine did not respond to his request. Id. at 2.

3

C.  Analysis

The court construes the plaintiff's lawsuit as alleging that two employees of the Wisconsin Department of Justice—an attorney and a law enforcement officer—violated the Freedom of Information Act (FOIA), 5 U.S.C. §552 and the Privacy Act, 5 U.S.C. §552a. FOIA "generally contemplates a policy of broad disclosure of government documents." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). "Under the Act, 'each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person.'" Moore v. FBI, 283 F. App'x 397, 398 (7th Cir. 2008) (quoting 5 U.S.C. §552(a)(3)(A)).

Under 5 U.S.C. §552(a)(4)(B), "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant." FOIA defines "agency" as

> each authority of the government of the United States; whether or not it is within or subject to review by another agency, but does not include—(a) the Congress; (B) the courts of the United States; (c) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia.

5 U.S.C. § 551(1). The statute applies only to federal agencies, not individuals and not state or local officials. The plaintiff has no cause of action under FOIA because the Act does not apply to employees of a state justice department. The court must dismiss the FOIA claim under for failure to state a claim upon which relief can be granted.

4

Nor does the Privacy Act—5 U.S.C. §552a, *et seq.*—provide the plaintiff with a cause of action. "The Privacy Act provides generally that '[n]o agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of the individual to whom the record pertains.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 766 (1989) (quoting 5 U.S.C. §552a(b)). The Privacy Act requires disclosure of any information that an agency must disclose under FOIA. 5 U.S.C. §552a(b)(2). Just like FOIA, the Privacy Act defines an "agency" as "each authority of the Government of the United States . . . ." 5 U.S.C. §551(1). And like FOIA, the Privacy Act applies to federal agencies, not individuals. See Bavido v. Apfel, 215 F.3d 743, 747 (7th Cir. 2000) ("The Privacy Act authorizes suit only against an agency, not an individual.").

Because the plaintiff has not sued a federal agency, the court must dismiss the Privacy Act claim because it fails to state a claim upon which relief can be granted.

## III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$348.32** balance of the filing fee by collecting monthly payments from the plaintiff's trust account in the amount equal to 20% of the preceding month's income credited to the plaintiff's

5

trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim for which this federal court can grant relief. The clerk will enter judgment accordingly.

The court **ORDERS** that the clerk will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**